UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WADE DAY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 15-832-JJB-RLB** |
| **MICHAEL DANNY, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 17, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WADE DAY | CIVIL ACTION |
| VERSUS | |
| | NO. 15-832-JJB-RLB |
| MICHAEL DANNY, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 3). The motion is opposed. (R. Doc. 6). Plaintiff has filed a Reply. (R. Doc. 12). For the following reasons, the undersigned recommends that Plaintiff's motion be **GRANTED**, and this action be remanded to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

**I.     Background**

On July 10, 2015, Wade Day ("Plaintiff") filed this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Michael Danny; Jones Henry Trucking d/b/a Henry Jones (USDOT: 1719339) ("Henry Jones"); and Progressive Specialty Insurance Company ("Progressive") (collectively, "Defendants"). (R. Doc. 1-4, "Petition"). Plaintiff alleges that he incurred injuries when Michael Danny, driving a truck owned by Henry Jones, "suddenly and without warning" impacted Plaintiff's vehicle while he was stopped on I-12 due to traffic congestion. (Petition, ¶¶ 3-5).

On July 15, 2015, Plaintiff requested service on Michael Danny and Henry Jones, through means of the Louisiana Long Arm Statute, La. R.S. § 13:3201, et seq. (R. Doc. 3-3; R. Doc. 3-4).

Plaintiff asserts that he served Michael Danny pursuant to the Louisiana long arm statute at his place of residence in Lexington, Alabama. (R. Doc. 3-1 at 2). The certified mail return

1

receipt states that it was "unclaimed" and returned to sender. (R. Doc. 3-5). Plaintiff attempted a second service on Michael Danny pursuant to the Louisiana Long Arm Statute on December 3, 2015. (R. Doc. 3-1 at 2); (R. Doc. 3-7). Plaintiff represents that this second service attempt on Michael Danny was again returned unclaimed on December 18, 2015. (R. Doc. 3-1 at 2).

Plaintiff asserts that he served Henry Jones pursuant to the Louisiana Long Arm Statute at his residence and last known place of business in Hamilton, Alabama. (R. Doc. 3-1 at 2). The certified mail return receipt states that it was "unclaimed" and returned to sender on August 17, 2015. (R. Doc. 3-6). Plaintiff attempted a second service on Henry Jones pursuant to the Louisiana Long Arm Statute on December 3, 2015. (R. Doc. 3-1 at 2); (R. Doc. 3-8). Henry Jones accepted and signed for service on December 7, 2015. (R. Doc. 3-9).[1]

On December 10, 2015, Progressive removed this action, claiming this court has diversity jurisdiction. (R. Doc. 1 at 2-3). Progressive represents in its Notice of Removal that Henry Jones and Michael Danny "consent to this Removal." (R. Doc. 1 at 3). There is no dispute that Progressive was served prior to removal.

## II.   Arguments of the Parties

Plaintiff argues that removal was procedurally defective, and the action should be remanded, because Michael Danny and Henry Jones had been served prior to removal, but did not join in the removal or timely file a written consent to removal. (R. Doc. 3-1 at 3). Plaintiff alleges that this removal violated the "rule of unanimity" and that remand is appropriate. (R. Doc. 3-1 at 4-5). Plaintiff contends that service on Henry Jones and Michael Danny was satisfied under the Louisiana Long Arm Statute because the statute does not require a "signed

---

[1] Domiciliary service was made on Henry Jones after removal on December 22, 2015. (R. Doc. 3-13).

return receipt" and a defendant cannot avoid valid service by refusing to accept or sign for service. (R. Doc. 3-1 at 5).

In opposition, Progressive argues that there was no procedural defect in the removal. Progressive represents that its counsel "had the authority" to represent in the Notice of Removal that Henry Jones and Michael Danny consented to the removal, but lacked any authority to waive service of process with regard to those defendants. (R. Doc. 6 at 2). Progressive states that "[s]ince the state court record was silent as to service of process and because the plaintiff filed a motion suggesting that service attempts were unsuccessful, [Progressive's] counsel did not file an additional, separate notice showing [defendant Jones' and Danny's] consent to removal." (R. Doc. 6 at 2). Progressive argues that there is "no violation of the rule of unanimity when the removal included language that a non-removing defendant consented to the removal because the non-removing defendant was also represented by the removing defendants' counsel." (R. Doc. 6 at 3).

In reply, Plaintiff again argues that service was proper pursuant to the Louisiana Long Arm Statute. Plaintiff further argues that Progressive's counsel filed the Notice of Removal solely on behalf of Progressive and there was no indication in the Notice of Removal that Progressive's counsel also represents Henry Jones and Michael Danny. (R. Doc. 9-1 at 3). Plaintiff argues that consent was not sufficient in this case because Progressive's counsel did not identify himself in the Notice of Removal as counsel for the non-removing defendants and did not provide that those non-removing defendants were informed of removal and consented to removal. (R. Doc. 8-1 at 3). Based on the foregoing, Plaintiff argues that removal was procedurally improper because there is no proper timely written indication in the record that Henry Jones and Michael Danny consent to removal. (R. Doc. 9-1 at 4-5).

3

**III.   Law and Analysis**

    **A.   Legal Standards**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

    The "rule of unanimity" has been codified in 28 U.S.C. § 1446. *See Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12-300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012).  Section 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."  Section 1446(b)(2)(C) states that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-

4

served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." The earlier-served defendant must consent to removal prior to the expiration of the later-served defendant's thirty-day deadline to remove the action. *Andrews v. AMERCO*, 920 F. Supp. 2d 696, 702 (E.D. La. 2013).

### B. Service Pursuant to the Louisiana Long Arm Statute

The Louisiana Long Arm Statute permits service of nonresident defendants by sending a certified copy of the summons and complaint by certified mail to the defendant:

> A. In a suit under R.S. 13:3201, a certified copy of the citation . . . shall be sent . . . to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited or small claims jurisdiction.
>
> B. If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.

La. R.S. § 13:3204. The 30-day window to consent to removal or join the removal starts running when there is actual service, and there is no requirement for proof of service for the rule of unanimity to apply. *Babin v. Isaman*, No. 09-0408, 2009 WL 3672901, at *4-5 (M.D. La. Nov. 4, 2009) (citing *Richoux v. CSR, Ltd.*, No. 08-931, 2008 WL 576242 (E.D. La. Feb. 29, 2008)).

Here, there is no dispute between the parties that the non-removing defendants were properly served pursuant to the Louisiana Long Arm Statute prior to removal. Service pursuant to the Louisiana Long Arm Statute is perfected when the petition and summons are sent by registered or certified mail regardless of whether there is a signed return receipt. *McFarland v. Dippel*, 756 So.2d 618, 622 (La. App. 1st Cir. 2000) ("[A]ll that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified

5

copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person."); *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So.2d 442, 444-45 (La. App. 3d Cir. 2004) ("There is no requirement under § 3204 for a signed return receipt."). Progressive does not argue that Henry Jones and Michael Danny were not properly served pursuant to the Louisiana Long Arm Statute on the basis that Plaintiff attempted service at the wrong addressees.[2]  As Progressive has submitted no argument or evidence supporting a contrary finding, the court will presume for the purpose of the instant Motion that Henry Jones and Michael Danny were served prior to removal.[3]

      **C.**     **Consent to Removal**

If a served defendant did not join in the actual removal, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *See Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *see also Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629 (E.D. La. Sept. 7, 2012) (noting that the recent amendments to the removal statutes do not affect the Fifth Circuit requirement of written consent by all defendants).  This requirement is necessary to "'bind' the allegedly consenting defendant." *Getty Oil*, 841 F.2d at 1262 n.11.  In a recent decision, this court held that removal was not procedurally defective on the basis that a

---

[2] This court has held that attempted service at an incorrect address may not constitute service under the Louisiana Long Arm Statute for purposes of the rule of unanimity. *See Grace v. Myers*, No. 15-300, 2015 WL 4939893, *3-5 (M.D. La. Aug. 18, 2015).

[3] Progressive does note that Plaintiff moved for the appointment of a private process server on December 4, 2015 (R. Doc. 3-11), further representing that the state court judge granted the motion on December 8, 2015. (R. Doc. 6 at 1).  Progressive suggests that because "the state court record was silent as to service of process and because the plaintiff filed a motion suggesting that service attempts were unsuccessful," Progressive's counsel "did not file an additional, separate notice" showing that the non-removing defendants consented to removal. (R. Doc. 6 at 2).  Progressive does not, however, go on to argue that the non-removing defendants were not properly served prior to removal.

6

served defendant did not consent to removal when the following facts were established in the record: (1) the notice of removal specifically stated that the non-removing defendant had been informed of the notice of removal and consented to its filing; and (2) the notice of removal was signed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, by counsel indicating that he represented both the removing and non-removing defendants. *See Bethel v. Nat'l Indem. Ins. Co.*, No. 15-391, 2015 WL 5636433, at *3 (M.D. La. Sept. 4, 2015), *report and recommendation adopted*, 2015 WL 5634588 (M.D. La. Sept. 24, 2015).

The instant case is distinguishable from *Bethel* because the Notice of Removal was not signed by counsel for Progressive on behalf of the non-removing defendants. As discussed above, there is no dispute that Henry Jones and Michael Danny were served prior to removal. The only thing in the record evidencing any consent by these non-removing defendants within 30 days of removal is the representation, by Progressive through its counsel, that Henry Jones and Michael Danny "consent to this Removal." (R. Doc. 1 at 3). This assertion is conclusory. There is no indication in the Notice of Removal, or filed into the record within 30-days after removal, that counsel for Progressive also represented the non-removing defendants at the time of removal.

In this case, the "dispositive factor" is what the court did not receive from Henry Jones and Michael Danny – timely filed written indications from those non-removing defendants themselves (or an attorney indicating that he or she represented those non-removing defendants) on which the court could "bind the allegedly consenting defendant." *Grigsby v. Kansas City Southern Ry. Co.*, No. 12-0776, 2012 WL 3526903 (W.D. La. Aug. 13, 2012) (citing *Spoon v. Fannin County*, 794 F. Supp. 2d 703, 706-07 (E.D. Tex. 2011)); *see also Getty Oil*, 841 F.2d at 1262 n.11. Nowhere in the Notice of Removal does counsel for Progressive represent that he is a

"person or entity purporting to formally act on" behalf of Henry Jones or Michael Danny. *See id*.

A review of various district court decisions in the Fifth Circuit applying *Getty Oil* have consistently rejected representations from one party that another party consents in the removal and have therefore granted a motion to remand.

In *Crowley v. Amica Mutual Ins. Co.*, No. 12-775, 2012 WL 3901629 (E.D. La. Sept. 7, 2012), the notice of removal did not contain a written statement from the non-removing defendant, State Farm, but instead contained a clause declaring that "[t]hrough its attorney of record, State Farm has consented to this removal." *Id.* at *1. After the 30 day period for removal had ended, State Farm documented its consent through affidavits that accompanied oppositions to the remand motion. *Id.* at *4. Because these affidavits were not submitted until after the 30 day period, they did "not cure this defect" and the case was remanded. *Id*. The district judge noted that "courts within the Fifth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient." *Id.* at *3. Here, Progressive did not submit any timely indications that its counsel also represented Henry Jones and Michael Danny at the time of removal.[4]

In *Spoon v. Fannin County Comm. Supervision and Corrections*, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011), the notice of removal indicated that "[t]he removing Defendants have obtained written consent to this removal from the remaining defendant, Mr. Richard Glaser, who has been served and who joins in this removal." The court held that "a defendant who does not

---

[4] The first such indication in the record is made in Progressive's Opposition filed on February 3, 2016 (more than 30 days after removal) in which Progressive states that its counsel had the authority to indicate that the non-removing defendants consented to the removal. (R. Doc. 6 at 3).

sign an original notice of removal cannot rely solely on a representation of its consent from removing defendants or on any communication between the defendants not timely filed with the court." *Id.* at 709 (granting motion to remand due to lack of unanimity in removal).[5]

Other district court decisions are likewise consistent with this result. *See Goldman v. Nationwide Mut. Ins. Co.*, No. 11-1414, 2011 WL 3268853, at *3 (E.D. La. July 28, 2011) (statement in notice of removal that "all other named defendants . . . consent" did not constitute sufficient written consent from all defendants); *Hammonds v. Youth for Christ USA*, No. 05-0531, 2005 WL 3591910 (W.D. Tex. Aug. 16, 2005) (representation in notice of removal that "We have conferred with counsel for [co-defendant] and they are in agreement with this removal" was insufficient); *Jacob v. Greyhound Lines, Inc.*, No. 02-2199, 2002 WL 31375612 (E.D. La. Oct. 21, 2002) (Notice of removal indicating that co-defendant "does not object to this matter being removed to federal court" was insufficient).

Courts have recognized that this "formalistic approach can lead to harsh and sometimes unpalatable results"; even still, remand is required. *Grand Texas Homes, Inc. v. American Safety Indem. Co.*, No. 12-1773, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012) (the rule of *Getty Oil* "closes the door" to federal court because defendants "have neglected to attach the proper documents to their notice of removal"); *Cornella v. State Farm Fire and Casualty Co.*, No. 10-1169, 2010 WL 2605725, at *3 (E.D. La. June 22, 2010) (recognizing the "harshness" of the *Getty Oil* rule); *Grigsby*, 2012 WL 3526903, at *2 (same).

The Court in *Getty Oil* stated that "exceptional circumstances" might warrant a departure from this rigid rule. *Getty Oil Corp.*, 841 F.2d at 1262 n.12. The Fifth Circuit, however, later

---

[5] Courts have also stressed that "[o]ral consents and email exchanges do not satisfy the requirement that a defendant must timely file evidence of its consent." *Grigsby*, 2012 WL 3526903, at *2 (citing *Mumfrey v. Anco Insulations, Inc.*, No. 11-711, 2011 WL 1527180 (E.D. La. April 20, 2011) ("Emails as proof of consent have not been accepted in other cases as sufficient notice.")).

9

indicated that such an exception generally would be granted only when defendant's lack of consent to removal stemmed from plaintiff's conduct. *See Ortiz v. Young*, 431 Fed. App'x. 306, 307 (5th Cir. 2011) (noting that typically only "plaintiff conduct, and not untimely consent to removal by a defendant" could excuse a tardy removal).  Here, Progressive, the only removing defendant, did not allege that Plaintiff caused the non-removing defendant to untimely consent. Consistent with the Fifth Circuit's interpretation as well as the above numerous district court decisions granting remand under indistinguishable facts, such equitable relief is inappropriate.

## IV.   Conclusion

Based on the foregoing, Progressive's removal of this action was improper because all served non-removing parties did not join in the removal, file a timely written indication of consent, or have some person or entity purporting to formally act on their behalf consent to removal within the required timeframe.  There was no indication at the time of the removal (or within 30 days of removal) that counsel for Progressive represented the non-removing defendants and was authorized to bind them in their consent to removal.  Accordingly, removal was procedurally defective and remand is appropriate.

### RECOMMENDATION

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand (R. Doc. 3) be **GRANTED**, and this action be remanded to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on February 17, 2016.

                                                                        _____
                                                                        **RICHARD L. BOURGEOIS, JR.**
                                                                        **UNITED STATES MAGISTRATE JUDGE**